## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

DORSELLE ROBERSON, )
)
    Petitioner, )
)
vs. ) Case No. 05-0010-CV-W-SOW-P
)
DAVE DORMIRE, )
)
    Respondent.

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, who is confined at the Jefferson City Correctional Center in Jefferson City, Missouri, filed this federal petition pursuant to 28 U.S.C. § 2254 on January 6, 2005,[1] to challenge his 2002 conviction and sentence for forcible rape, which was entered in the Circuit Court of Cole County, Missouri, pursuant to his plea of guilty. Petitioner raises three (3) grounds for relief.

Respondent contends that the petition should be dismissed as untimely filed pursuant to 28 U.S.C. § 2244(d) because more than one year passed from the date that petitioner's conviction became final on January 14, 2002 (the date of sentencing) and date petitioner signed his federal petition on January 12, 2005. Respondent also contends that the one-year statute of limitation was tolled only from March 5, 2002, through January 20, 2004, while petitioner's post-conviction motion filed pursuant to Mo. Sup. C. R. 24.035 was pending in the state courts.

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of

---

[1] Although petitioner signed his motion for leave to proceed in forma pauperis on December 28, 2004, petitioner did not sign his habeas corpus petition until January 12, 2005, in response to this Court's January 7, 2005, Order to correct technical defects.

the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). 28 U.S.C. § 2244(d)(2) provides that the time during which petitioner had a properly filed state collateral review pending shall not be counted toward any period of limitation under Section 2244(d).

Petitioner replies that he filed a direct appeal, which was denied by the Missouri Court of Appeals on March 5, 2002, and that he then had 90 days to file a 29.15 motion in the circuit court. Petitioner contends that his appeal of that motion was denied on January 20, 2004, and that he should have had until January 20, 2005, to file a timely federal petition.

A review of the state court records reveals that petitioner is confused about having filed a "direct" appeal from the judgment of conviction. Petitioner's own amended motion filed pursuant to Rule 24.035 states that petitioner did not file a direct appeal. Respondent's Exhibit A, p. 13. Petitioner did, however, file an appeal from the denial of state post-conviction relief, which was denied on January 20, 2004. See Respondent's Exhibit B.

Under Missouri law, "[a] judgment in a criminal case . . . becomes final for purposes of appeal when a sentence is entered, and an appeal must be filed within 10 days thereafter." State v. Harris, 863 S.W. 2d 699, 700 (Mo. Ct. App. 1993) (citations omitted). Because petitioner was sentenced on January 14, 2002, his conviction became final on January 24, 2002, when the time for seeking direct review thereof expired pursuant to Mo. Sup. Ct. R. 30.01(d).

Forty (40) days passed between the expiration of time for seeking direct review on January 24, 2002, and the filing of the Rule 24.035 motion on March 5, 2002. In Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 855 (8th Cir.), cert. denied, 124 S. Ct. 837 (2003), the Eighth Circuit Court of Appeals ruled that the time between the date direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year statute of limitations for filing a petition for federal habeas relief. As the Eighth Circuit

2

specifically has held, "[t]he term 'pending' includes the interval between the trial court's denial of postconviction relief and timely filing of an appeal from the denial, Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000), but not the time between the date direct review concludes and the date an application for state postconviction relief is filed." Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002, cert. denied, 539 U.S. 933 (2003).

Moreover, the 90-day period for filing a petition for writ of certiorari applies only to direct appeals, not to post-conviction appeals from denial of petitioner's Rule 24.035 motion. See Snow v. Ault, 238 F.3d 1033, 1035 (8th Cir.), cert. denied, 532 U.S. 998 (2001). Petitioner's Rule 24.035 motion, however, was "pending" during the entire appeal period until the mandate was filed by the Missouri Court of Appeals on February 11, 2004. See Williams v. Bruton, 299 F.3d 981, 982-83 (8th Cir. 2002); Williams v. Blumer, 763 S.W.2d 242, 245-46 (Mo. Ct. App. 1988)(an appeal remains pending until the appellate court issues its mandate).

Even if the time during which petitioner's Rule 24.035 motion and appeal were pending tolls the running of the one-year statute of limitations, 40 days passed between January 24, 2002 (10 days after the entry of the judgment of conviction), and March 5, 2002, the date he filed his Rule 24.035 motion. Then 330 days passed between February 11, 2004, and January 6, 2005, the date that petitioner filed the unsigned federal petition in this case. Therefore, a total of 370 days passed without tolling between January 24, 2002, and January 6, 2005.[2]

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is dismissed with prejudice as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1)and (2).

---

[2]The total number of untolled days would increase to 375 if the petition is not considered "filed" until it was signed on January 12, 2005.

3

Kansas City, Missouri,

Dated: 5/27/05  .

/s/ Scott O. Wright
SCOTT O. WRIGHT
UNITED STATES DISTRICT JUDGE